1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AL ZEINY,

             Plaintiff,

     v.

UNITED STATES OF AMERICA, et al.,

             Defendants.

Case No. 19-cv-05806-HSG

**ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(B)(6)**

Re: Dkt. No. 11

     Pending before the Court is Defendants' motion to dismiss Plaintiff Al Zeiny's complaint against the United States of America and the Central Intelligence Agency ("CIA"). *See* Dkt. No. 11. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), but **GRANTS** the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I.    BACKGROUND**

     Plaintiff alleges that in July 2010 he complained to Congressman Michael Honda about "misconduct of corrupt CIA agents and operatives," and afterward "he became a target of a stream of nefarious tormenting and harassing acts." *See* Dkt. No. 1. Plaintiff recounts a series of events in which Defendants threatened him; conspired to have his employer terminate him; obstructed his efforts to find further employment; tried to poison him; and tampered with his medications, all over the course of many years and continuing through today. *See id.* Plaintiff alleges that as a result of this repeated and systemic harassment, his physical and mental health deteriorated and he has been hospitalized as a result. *See id.* Plaintiff lists seventeen individuals, including the "manager" of the CIA, who are purportedly CIA agents responsible for Plaintiff's alleged injuries.

1  *See id.* at 6–7.  Based on these allegations, Plaintiff brings a cause of action for infliction of

2  emotional distress and seeks an injunction against Defendants preventing "future retaliation and

3  revenge." *See id.*

4       Plaintiff has alleged similar allegations in three other cases filed in this district in 2012,

5  2013, and 2017:  *Zeiny v. United States of America*, No. 12-cv-2752 EJD (N.D. Cal.); *Zeiny v.*

6  *United States of America*, No. 5:13-cv-01220 EJD (N.D. Cal.); and *Zeiny v. United States of*

7  *America*, No. 17-cv-07023-HRL (N.D. Cal.).  In each case, Plaintiff's allegations have been

8  dismissed.  Defendants now move to dismiss Plaintiff's complaint in this action for lack under

9  subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a

10  claim under Federal Rule of Civil Procedure 12(b)(6).

11  **II.     LEGAL STANDARD**

12       **A.     Rule 12(b)(1)**

13       Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of

14  subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be either

15  facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court

16  is permitted to look beyond the complaint to extrinsic evidence.  *See Wolfe v. Strankman*, 392 F.3d

17  358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036,

18  1040 n.2 (9th Cir. 2003).  A facial challenge "asserts that the allegations contained in a complaint

19  are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373

20  F.3d 1035, 1039 (9th Cir. 2004).

21       **B.     Rule 12(b)(6)**

22       A defendant may move to dismiss a complaint for failing to state a claim upon which relief

23  can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

24  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

25  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

26  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

27  on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

28  when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Yet even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.    DISCUSSION

### A.    Lack of Subject Matter Jurisdiction

Defendants first move to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. Defendants explain that courts routinely dismiss cases under the substantiality doctrine where plaintiffs allege vague government conspiracies. *See* Dkt. No. 11 at 7–8. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–39

3

1    (1974)).  To dismiss a complaint under the doctrine, "[t]he claim must be 'so insubstantial,

2    implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as

3    not to involve a federal controversy within the jurisdiction of the District Court, whatever may be

4    the ultimate resolution of the federal issue on the merits.'"  *Id.* (quoting *Oneida Indian Nation v.*

5    *County of Oneida*, 414 U.S. 661, 666 (1974)).  Plaintiff objects to the suggestion that his case is

6    too far-fetched, or that his experiences are somehow products of mental illness.  *See* Dkt. No. 13 at

7    8–9.  The Court finds it improbable that Plaintiff's action has any merit, but finds at this early

8    stage that not all his allegations are so fantastic that the suit can be dismissed out of hand as being

9    obviously frivolous.  In contrast to the other cases Plaintiff has previously filed, both in his

10   complaint and in his opposition brief, Plaintiff has cited individual names and some dates of

11   events, suggesting that at least some of these allegations may reference identifiable events.  The

12   Court therefore **DENIES** Defendant's motion to dismiss under Rule 12(b)(1).

13       **B.      Failure to State a Claim**

14       The Court notes at the outset that although Plaintiff alleges a tort claim, infliction of

15   emotional distress, against both the CIA and the United States, Plaintiff cannot properly plead a

16   claim against the CIA.  "The United States is the only proper defendant in a[] [Federal Tort Claims

17   Act] action."  *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

18       In any event, as presently drafted, Plaintiff presents a litany of complaints about serious

19   events that have been detrimental to his health, including death threats, poisoning, and medication

20   tampering.  He also lists seventeen individuals who he believes are responsible for this conduct.

21   Yet critically, the complaint does not include any facts to plausibly connect this conduct to those

22   individuals or to Defendants.  Plaintiff concludes, without explanation, that he knows the CIA was

23   involved, pointing to two sources he has within the CIA, including his wife.  *See* Compl. at 6.

24   Plaintiff also points to an affidavit from his wife, Manal Elgaish-Elzeiny, who Plaintiff claims

25   "joined the CIA clandestine unit in December 2011."  *Id.*  However, Ms. Elgaish-Elzeiny's

26   affidavit does not substantiate any of the allegations or affirm that the CIA is responsible, or even

27   indicate that she is affiliated with the CIA.  *See* Dkt. No. 3.  Rather, she acknowledges only that

28   her husband is concerned that the CIA is involved in his troubles.  *Id.*  In his opposition, Plaintiff

4

1  suggests that he cannot attribute specific conduct to specific individuals because "[i]t was a group

2  effort." *See* Dkt. No. 13 at 9. To the extent Plaintiff attempts to tie some specific events to

3  specific individuals in his opposition brief, *see* Dkt. No. 13 at 14, Plaintiff may not amend his

4  complaint through an opposition, *see Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197

5  (9th Cir. 1998).

6  　　　　Even liberally construed, Plaintiff's allegations that the CIA caused him mental and

7  physical distress are conclusory and speculative, and insufficient to state a claim on which relief

8  can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court

9  construes his pleadings, those pleadings nonetheless must meet some minimum threshold in

10  providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States*

11  *Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court acknowledges Plaintiff's concern that

12  "being paranoid about something doesn't mean that it is not happening." *See* Dkt. No. 13 at 6.

13  However, Plaintiff still must comply with the Federal Rules of Civil Procedure and provide

14  sufficient factual support for his allegations. His belief that Defendants are involved in the

15  troubles he has faced over the past decade is not enough on its own to survive a motion to

16  dismiss.[1]

17  　　　　Additionally, to the extent Plaintiff styles a claim for injunctive relief as a separate cause of

18  action, *see* Compl. at 5, 22, Plaintiff fails to state a cognizable claim because an injunction is a

19  remedy, not an independent cause of action. *See, e.g.*, *Zeiny v. United States*, No. 17-CV-07023-

20  HRL, 2018 WL 1367389, at *3 (N.D. Cal. Mar. 16, 2018) (citing cases). Plaintiff suggests that he

21  may seek an injunction under the Administrative Procedures Act ("APA"), but Plaintiff fails to

22  establish any basis for the APA's applicability to this case.

23  **IV.    CONCLUSION**

24  　　　　Accordingly, the Court **GRANTS** the motion to dismiss under Rule 12(b)(6). However,

25

26  [1] In a footnote, Defendants also suggest that Plaintiff is barred from raising his claim for infliction of emotional distress based on claim or issue preclusion because Plaintiff has already filed several
27  other cases in this district. *See* Dkt. No. 11 at 8, n.3. Because the Court finds that dismissal is otherwise warranted, the Court need not reach this argument or differentiate between what may be
28  new versus old allegations. Nevertheless, the Court cautions Plaintiff that he may not file serial complaints against Defendants for the same conduct.

despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff may still be able to allege sufficient facts to state a claim. *Lopez*, 203 F.3d at 1130. Plaintiff shall file an amended complaint by no later than February 24, 2020. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint will be dismissed if he does not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated: 1/30/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge