UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL ZEINY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 19-cv-05806-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Pending before the Court is Defendant's motion to dismiss pro se Plaintiff Al Zeiny's second amended complaint against the United States of America. *See* Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**I.　BACKGROUND**

Plaintiff initially filed this action on September 17, 2019, against both the United States of America and the Central Intelligence Agency ("CIA"). Plaintiff recounted a series of events in which members of the CIA allegedly threatened him; interfered with his employment; and tampered with his medications after he complained to a congressman about CIA misconduct in 2010. *See* Dkt. No. 1. On January 30, 2020, the Court dismissed Plaintiff's complaint without prejudice. *See* Dkt. No. 23. The Court reasoned that the allegations were conclusory and speculative, and the complaint failed to include any facts to plausibly connect the alleged conduct to the CIA or the United States. *See id.* at 4–5. The Court gave Plaintiff the opportunity to amend his complaint, but cautioned that the Court would dismiss the amended complaint if Plaintiff did not address the deficiencies that the Court identified. *Id.* at 6.

Plaintiff filed an amended complaint on February 24, 2020, *see* Dkt. No. 24, then filed a second amended complaint a few days later on February 27, 2020, *see* Dkt. No. 26 ("SAC"). Plaintiff alleges that since 2010 he has been "a target of an ongoing stream of nefarious tormenting and harassing acts by [the CIA]" in an effort to push him out of the country. *Id.* at 1. Plaintiff acknowledges that he has alleged similar allegations in three other cases filed in this district in 2012, 2013, and 2017: *Zeiny v. United States of America*, No. 12-cv-2752 EJD (N.D. Cal.) ("*Zeiny I*"); *Zeiny v. United States of America*, No. 5:13-cv-01220 EJD (N.D. Cal.) ("*Zeiny II*"); and *Zeiny v. United States of America*, No. 17-cv-07023-HRL (N.D. Cal.) ("*Zeiny III*"). *See* SAC at 3–5. However, Plaintiff contends that he is not relitigating these cases, but rather includes some overlapping facts as background information to understand Defendant's ongoing conduct. *Id.*

This alleged conduct falls into several categories: (1) tampering with Plaintiff's medications, food, and drinks; (2) threatening torture; (3) sabotaging his employment prospects; (4) spying on him; (5) interfering with his relationships with friends and family; and (6) most recently, accusing him of smuggling nuclear secrets to Iran. *Id.* at 9–19, 24. As a result, Plaintiff alleges that his mental state has deteriorated, he suffers from paranoia, and he requires medication at increasingly higher doses to cope with Defendant's conduct. *See id.* at 9–11, 21–24. Plaintiff brings a single cause of action against Defendant under the Federal Tort Claims Act for intentional and negligent infliction of emotional distress. *Id.* at 27–28.

Defendant now moves to dismiss Plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 27.

**II.  DISCUSSION**

Defendant raises two arguments. *First*, that Plaintiff's claims are barred by res judicata. *Second*, that Plaintiff has failed to allege sufficient facts to support his claim for intentional and negligent infliction of emotional distress. The Court addresses each in turn.

**A.  Res Judicata**

Defendant first contends that Plaintiff's claims are barred by res judicata because the SAC restates factual pleadings from Plaintiff's prior lawsuits in this district, including a claim for emotional distress based on the CIA's purported acts of sabotage and harassment in *Zeiny III*. *See*

2

Dkt. No. 27 at 2–3, 6–8.

Res judicata, also known as claim preclusion, applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotations omitted). Courts determine the first element of whether there is an identity of claims by assessing four factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis omitted).

Here, Defendant contends that res judicata bars Plaintiff's case because *Zeiny III* involved the same allegations and claim for emotional distress against Defendant, and was resolved by dismissal on March 16, 2018. *See* Dkt. No. 27 at 6–8; *see also Zeiny III*, No. 17-cv-07023-HRL, Dkt. Nos. 28–29. Plaintiff responds that he is not trying to recycle allegations from his prior cases, but rather explains that Defendant has engaged in similar and ongoing conduct. *See* Dkt. No. 29 at 3–6. To the extent Plaintiff's action is premised on events that occurred months, or even years after *Zeiny III*, they do not "arise out of the same transactional nucleus of facts." *See ProShipLine*, 609 F.3d at 968. Accordingly, this action is not barred by res judicata.

### B.     Failure to State a Claim

Defendant next moves to dismiss Plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

In the amended complaint, Plaintiff continues to recount a series of serious events allegedly perpetrated by members of the CIA. *See* SAC. In his opposition to the motion to dismiss, Plaintiff lists several categories of conduct that he claims remain ongoing. *See* SAC at 9–19, 24. However, as the Court noted in its prior order, "the complaint does not include any facts to plausibly connect this conduct" to Defendant. *See* Dkt. No. 23 at 4. Plaintiff continues to provide a "partial" list of seventeen individuals, including the "manager" of the CIA, who are purportedly CIA agents responsible for Plaintiff's alleged injuries. *See* SAC at 7–8. Plaintiff does not explain why he believes any of these individuals are affiliated with the CIA. Nor does he explain with any level of specificity how he knows that they are responsible for any of the described conduct.

Instead, Plaintiff describes his own suppositions. He says that one individual approached him after Plaintiff filed *Zeiny I* and described "messing with the CIA[]" as "touching the third rail." *See id.* at 7–8, 11–12. Plaintiff also alleges that Defendant "made it obvious to him that he is being followed to prevent him from relaxing and [to] maintain his paranoia." *See id.* at 7. Plaintiff alleges that they did so in subtle ways, such as "point[ing] to [Plaintiff] and mention[ing] his name" during speeches. *Id.* at 9. Plaintiff also states that Defendant had people speak in "bizarre way[s]" and perform "a stream of bizarre acts" in his presence. *See id.* at 18–19. Most recently, someone told him that he was under investigation for "smuggling nuclear information to

4

Iran." *See id.* at 24.  Plaintiff's allegations thus do not rise above mere speculation that the CIA is somehow involved.  Plaintiff also relies heavily on allegations that his wife infiltrated the CIA and thus knew that the CIA was behind this conduct.  *See, e.g.*, *id.* at 12, 17.  However, as before, the affidavit from Plaintiff's wife does not substantiate that the CIA is responsible or even indicate that she is affiliated with the CIA.  *See* Dkt. No. 26-1, Ex. A.  Rather, she acknowledges only that her husband is concerned that the CIA is involved in his troubles.  *Id.*

Even liberally construed and viewed in their entirety, Plaintiff's allegations that the CIA caused him mental and physical distress are still conclusory and speculative, and insufficient to state a claim on which relief can be granted.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  Plaintiff has again failed to allege the level of factual detail necessary to survive a motion to dismiss.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the motion to dismiss under Rule 12(b)(6).  Plaintiff has had ample opportunity to address the deficiencies that the Court identified but has been unable to do so.  At this stage, the Court finds that even if it provided Plaintiff the opportunity to amend the complaint again, Plaintiff could not provide the detail necessary to state a claim.  The Court, therefore, dismisses this action without leave to amend.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  5/5/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge